United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40134
USDC No. 4:05-CV-242
USDC No. 4:04-CR-4-1
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CHARLES B. WAINWRIGHT,

                                        Defendant-Appellant.

----------------------
Appeal from the United States District Court
for the Eastern District of Texas
----------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Charles B. Wainwright, formerly federal prisoner # 12508-078, pleaded guilty to knowingly possessing one or more visual depictions of minors engaging in sexually explicit conduct and was sentenced to 33 months of imprisonment and three years of supervised release.  Wainwright filed a 28 U.S.C. § 2255 motion, asserting that he received ineffective assistance of counsel because his attorney failed to file a notice of appeal following his conviction.  The district court denied the motion and a certificate of appealability (COA).

_____

     [*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Wainwright moves for a COA to appeal the district court's denial of his § 2255 motion. Wainwright argues that he was denied effective assistance of counsel when his attorney failed to consult with him regarding an appeal and whether to file an appeal.

To obtain a COA, Wainwright must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Wainwright must show that jurists of reason could debate the propriety of the district court's assessment of his constitutional claims or conclude that his claims "are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

To prevail on a claim of ineffective assistance for failure to file notice of appeal, Wainwright must show that the failure to file fell below an objective standard of reasonableness and that it prejudiced him. See Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000). An attorney's failure to file a notice of appeal when requested is "professionally unreasonable." See id. at 477. When a defendant has not specifically expressed his wishes regarding an appeal, the preliminary inquiry is "whether counsel in fact consulted with the defendant about an appeal." Id. at 478. Under Roe, "consult" means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. If counsel consults with the defendant, then counsel acts in a

"professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id.

The parties disagree regarding whether Wainwright instructed counsel to file an appeal. However, counsel concedes that he did not speak directly with Wainwright regarding an appeal following his conviction.

To show prejudice, Wainwright must demonstrate that there is a reasonable probability that, but for counsel's error, he would have appealed. Roe, 528 U.S. at 486. The district court made no findings on this issue, and the record does not demonstrate whether Wainwright would have filed an appeal. Thus, reasonable jurists could debate the correctness of the district court's resolution of this issue. Miller-El, 537 U.S. at 327.

"Unless the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief" under § 2255, a district court must hold a hearing to resolve factual and legal issues. See § 2255; see also United States v. Briggs, 939 F.2d 222, 228-29 & n.19 (5th Cir. 1991). We offer no opinion regarding the merits of Wainwright's ineffective assistance claim. We do not reach Wainwright's Blakely v. Washington, 542 U.S. 296 (2004) and actual innocence claims at this time.

Accordingly, Wainright's motion for a COA is GRANTED on the narrow issue of whether Wainwright was prejudiced by counsel's failure to consult Wainwright regarding an appeal, the judgment

of the district court is VACATED, and the case is REMANDED for an evidentiary hearing.

Wainwright has requested leave to proceed in forma pauperis (IFP) on appeal. Wainwright may proceed IFP on appeal only if he is economically eligible and presents a nonfrivolous issue. See Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982) (relying on the language of the former 28 U.S.C. § 1915. As set forth above, Wainwright has presented a nonfrivolous issue. Wainwright has not shown, however, that he is financially eligible for IFP status. See Adkins v. E.I. DuPont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948). Accordingly, Wainwright's motion to proceed IFP is DENIED.